RAFAEL RIVERA RIVERA, Plaintiff and Appellant, *v.* RAMIRO VARGAS, Defendant and Appellee.

No. 5601.   Argued December 10, 1931.—Decided February 26, 1932.

Rehearing Denied March 9, 1932.

*F. Navarro* for appellant.   *Pedro E. Anglade* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

This is a suit for an injunction to recover possession of real property and was decided by the District Court of Guayama adversely to the plaintiff. The latter appealed and has assigned in his brief four errors.

We have carefully examined the record and in our view there is only one important question involved which was

raised by the appellant himself in moving for a reconsideration of the judgment of the trial court.

We transcribe the following from said motion for reconsideration:

"That in the opinion delivered by the Hon. Court the following is stated:

" 'The evidence introduced in the present case shows that the plaintiff Rafael Rivera Rivera purchased a parcel of land in the ward of La Plata of Aibonito with an area of about 50 acres, which belonged to defendant Ramiro Vargas; that the latter, notwithstanding said sale and his delivery of the said parcel to its purchaser, has remained in it, occupying with his family a house that stands on a portion of land pertaining to the said parcel, of which the defendant alleges to be the owner.'

"So that it appears from this part of the opinion of the Court . . . that the parcel of 50 acres described in the complaint and sold by the defendant to the plaintiff was delivered to the latter, and that notwithstanding such delivery the defendant has remained therein, in a house standing on a portion of the said parcel, alleged by the defendant to belong to him.

 * * * * * * * *

"We likewise think that the occupation by the defendant of a house whose possession was not claimed in the complaint is not in itself reasonable ground for dismissing the complaint, and this judgment may be reconsidered and the complaint sustained as to the land the object of the injunction, but not as to the house occupied by the defendant, which could be made the subject of another proceeding by the plaintiff."

The district court confined itself to deny the motion for reconsideration. The ground for its decision is set forth in its opinion already cited, thus:

"Such being the facts in this case, and it not appearing from the record or the evidence introduced that the plaintiff has obtained the actual possession of the portion of land occupied by defendant Ramiro Vargas, the action brought in this case seems to us not to lie at all.

"The injunction proceedings for the recovery of possession referred to in Act No. 43 of 1913, as amended by the Act of 1917, have supplanted the former interdicts to retain and recover the actual

possession provided by the old Spanish Law of Civil Procedure, and one of the essential requisites for the successful prosecution of said proceedings is that the complainant was within four months prior to the filing of the complaint in real possession of the property described in the said complaint.

"Said possession, in our judgment, means the actual possession or possession in fact of which plaintiff has been deprived by the forcible or fraudulent acts of the defendant.

"The phrase 'to recover the possession' implies, in our view, that the property has theretofore been in the possession of the plaintiff, as the latter could hardly recover an actual possession which he never had, as happens in the present case.

"It is also a rule of law, that in actions for the recovery of possession no question involving ownership, title, or boundaries can be discussed. If the issue involved in the case at bar is a controversy between the plaintiff and the defendant concerning the size or boundary lines of their respective estates, then the proper remedy for a determination of those rights is not, in our opinion, an injunction to recover possession, but an ordinary action in which the parties may enlarge their evidence; and the trial judge may, with the aid of all the evidence submitted to him, pass upon the rights of the respective litigants; since it is a doctrine upheld by the jurisprudence that in this kind of proceedings, questions of either title or ownership can not be considered and that all the evidence must relate exclusively to the fact of the actual possession by the parties, leaving for an ordinary action the discussion of said questions."

What brings some confusion into the determination of this case is the conclusion reached by the court in that paragraph of its opinion in which the motion for reconsideration is transcribed, and which serves as a basis for the argument submitted by the appellant to this Court. The issue such as it was finally made by the pleadings places the defendant in a portion of land belonging to him and adjoining the one delivered to the plaintiff, the boundary line being in dispute, whereas the judge places him within the property sold.

But even so, we think that the judgment may be affirmed.

If the piece of land in question is really within the parcel conveyed, the plaintiff may enforce his rights before the courts through the proper action but not through the remedy

of injunction invoked herein, whose scope has been perfectly fixed by the law and the jurisprudence. The evidence as to the plaintiff being in actual possession of the tract of land claimed by him, and as to the defendant entering it forcibly and occupying it against his will, was conflicting, and the conflict was adjusted against the plaintiff.

We have not overlooked the provisions of section 1365 of the Civil Code, namely, that when a sale is made by means of a public deed as was done in the instant case, the execution of the deed shall be equivalent to the delivery of the thing sold. If the tract occupied is really a part of the parcel, such sale and the provisions of that section confer upon the plaintiff a perfect right to claim the ownership thereof. But we repeat that such claim can not be made within an injunction proceeding, which is confined to the recovery or retaining of the actual possession of real property, it being necessary, under the law, to allege and prove—

"" *   *   *   *   *   *   *

"(1) That the complainant was within the year next preceding the filing of the complaint in the actual possession of the property described in said complaint if it is sought to recover it, and was and is in possession thereof if it is sought to retain it.

"(2) That he has been disturbed or deprived of the said possession or tenancy."

Therefore, the appeal should be dismissed and the judgment appealed from affirmed.

### ON MOTION FOR REHEARING

#### March 9, 1932

Mr. Chief Justice Del Toro delivered the opinion of the Court.

A reconsideration is sought of the judgment rendered by this Court on the 26th of last February, affirming in every particular the judgment appealed from, for the sole purpose of eliminating the pronouncement of costs contained in the latter judgment.

In the first place, the appellant did not assign separately as error the pronouncement which he now asks us to reverse. In the second place, the circumstance that essentially the appellant might be right in his contention as to the ownership and right of possession of the land involved in the litigation herein—his action having been dismissed for his failure to resort to the proper remedy for the enforcement of such rights—is not itself sufficient for a reversal of the award of costs made by the trial court in the exercise of its discretion.

As a matter of law, the award of costs is sustained. Inasmuch as, in accordance with the jurisprudence of this Court, the trial court, when fixing the amount of attorney's fees, may take into account the degree of obstinacy of the party against whom costs have been awarded, the appellant herein has still an opportunity to invoke the attendant circumstance of the case for the purpose of obtaining an order in consonance therewith, in the proper district court. (*Castro* v. *Soc. Anon. des Suc. de St. Jean,* 34 P.R.R. 546.)

The rehearing sought is denied.

Mr. Justice Aldrey concurs in the decision.